<u>AMENDED APRIL 14, 2014 as to Months in Custody and Money Judgment Attached Only</u>

# United States District Court
## Central District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No. | SACR 12-00240 JVS and SACR 13-012 JVS |

**Defendant**  John Melvin Walker  
akas:  None

**Social Security No.**  4  0  7  9  
(Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| JULY | 22 | 2013 |

**COUNSEL**  [X] WITH COUNSEL  Katherine Corrigan, retained  
(Name of Counsel)

**PLEA**  [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of [X] **GUILTY,** defendant has been convicted as charged of the offense(s) of: Conspiracy to Distribute Marijuana and to Maintain a Drug-Involved Premises in violation of Title 21 United States Code, Section 846 as charged on Count 1 of the Indictment in SACR 12-240 JVS and Attempt to Evade and Defeat Tax in violation of Title 26 United States Code, Section 7201 as charged on Count 1 of the Information in SACR 13-00012 JVS .

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **One Hundred Sixty Eight (168) Months**. This term consists of **168 Months on Count 1 of the Indictment in SACR 12-240 JVS** and 60 Months on Count 1 of the Information in SACR 13-00012 JVS, all such terms to run concurrently

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay restitution in the total amount of $4,272,689.29 pursuant to 18 U.S.C. § 3663. Defendant shall pay restitution in the amount ordered to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.   Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income, but not less than $1,000, whichever is greater, during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.   If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.  Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).   The defendant shall comply with General Order No. 01-05.

<u>AMENDED APRIL 14, 2014 as to Months in Custody and Money Judgment Attached Only</u>

| USA vs. | John Melvin Walker | Docket No.: | SACR 12-00240 JVS and SACR 13-00012 JVS |

All fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

The Court has found that the property and money identified in the preliminary order of forfeiture is subject to forfeiture. The preliminary order is incorporated by reference into this judgement and is final as to this defendant. The Court ORDERS the Money Judgment of Forfeiture (in the amount of $25,000,000) as stated in the attached document (originally filed on July 18, 2013) incorporated into this judgment.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term consists of five (5) years on Count 1 of Docket No. SACR12-00240 and three (3) years on the Single-Count Information under Docket No. SACR13-00012, all such terms to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05;
2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;
3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;
4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;
5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug and alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;
6. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;
7. The defendant shall cooperate in the collection of a DNA sample from the defendant;
8. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; and
9. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and his effects to search at any time, with or without a warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, and by any Probation Officer in the lawful discharge of the officer's supervision functions.

Pursuant to 21 U.S.C. § 862(a)(1)(C), the defendant, having sustained a third conviction for distribution of a controlled substance, is permanently ineligible for all Federal benefits, as defined at 21 U.S.C. § 862(d), until such time the Court may suspend the ineligibility.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment

<u>AMENDED APRIL 14, 2014 as to Months in Custody and Money Judgment Attached Only</u>

| USA vs. | John Melvin Walker | Docket No.: | SACR 12-00240 JVS and SACR 13-00012 JVS |

provider to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

The Court recommends placement in the BOP RDAP (500 Hour) drug treatment program.   The Court further recommends placement in a facility in the Southern California area.

The Court advises the defendant of his right to appeal.

The Court GRANTS the governments motion to dismiss the remaining counts as to this defendant only.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

April 16, 2014
Date

*James V. Selna*
James V. Selna
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

April 16, 2014
Filed Date

By   *Karla J. Tunis*
Deputy Clerk

**AMENDED APRIL 14, 2014 as to Months in Custody and Money Judgment Attached Only**

USA vs.   John Melvin Walker                                 Docket No.:   SACR 12-00240 JVS and SACR 13-00012 JVS

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1.  The defendant shall not commit another Federal, state or local crime;
1.  the defendant shall not leave the judicial district without the written permission of the court or probation officer;
2.  the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
14. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
15. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

  1. Special assessments pursuant to 18 U.S.C. §3013;
  2. Restitution, in this sequence:
      Private victims (individual and corporate),
      Providers of compensation to private victims,
      The United States as victim;
  3. Fine;
  4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
  5. Other penalties and costs.

**AMENDED APRIL 14, 2014 as to Months in Custody and Money Judgment Attached Only**

| | |
|---|---|
| USA vs.   John Melvin Walker | Docket No.:   SACR 12-00240 JVS and SACR 13-00012 JVS |

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**AMENDED APRIL 14, 2014 as to Months in Custody and Money Judgment Attached Only**

USA vs. John Melvin Walker　　　　　　　　　　　Docket No.: SACR 12-00240 JVS and SACR 13-00012 JVS

---

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
　at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____　By _____
Date　　　　　　　　　Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____　By _____
Filed Date　　　　　　Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

　These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____　_____
　　Defendant　　　　　　　　Date

_____　_____
U. S. Probation Officer/Designated Witness　　Date

---

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN (Cal. SBN: 190414)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2727/6166
    Facsimile: (213) 894-7177
    E-mail: Jonathan.Galatzan@usdoj.gov
           Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN MELVIN WALKER, et al.<br><br>          Defendants. | SA CR 12-00240 JVS<br><br>MONEY JUDGMENT OF FORFEITURE AGAINST DEFENDANT JOHN MELVIN WALKER<br><br>Sentencing Date: 7/22/13<br>Sentencing Time: 9:30 a.m. |

    On March 3, 2013, defendant John Melvin Walker entered into a plea agreement with the United States in which defendant

1

agreed that the violations of which defendant was guilty generated proceeds of $25 million, including:

    (A)   The real property known as 508 Calle Malaguena, San Clemente, California 92672 (APN 690-482-14);

    (B)   The real property known as 100 Ski Trail, #44, Mammoth Lakes, California 93546 (APN: 910-001-196-000);

    (C)   The real property known as 100 Ski Trail, #13, Mammoth Lakes, California 93546 (APN: 910-001-182-000);

    (D)   The real property known as 100 Ski Trail, #2, Mammoth Lakes, California 93546 (ANP: 910-001-173-000);

    (E)   The real property known as 100 Ski Trail, #11, Mammoth Lakes, California 93546 (APN: 910-001-180-000);

    (F)   The real property known as 2536 E. 3rd Street, Long Beach, California 90814 (APN: 7263-016-001);

    (G)   $97,802.65 in Currency;

    (H)   $390,160.00 in Currency (seized on November 8, 2011, at 136 Roswell Avenue, Long Beach, California);

    (I)   $11,880.00 in Currency (seized on November 8, 2011, at 508 Calle Malaguena, San Clemente, California);

    (J)   $122,751.00 in Currency (seized on October 26, 2012, at 105 Cabana Drive, Huntington Beach, California);

    (K)   $10,500.00 in Currency (seized on November 1, 2012, at 100 Ski Trail, #44, Mammoth Lakes, California);

    (L)   $18,488.58 in Currency (seized on or about October 21, 2011, from various locations including 321 West 17th Street, Santa Ana, California);

    (M)   Any and all interest of the defendant in HI FLO CORP.;

1     (N) All of the defendant's rights and benefits related to
2          a loan in the principal amount of $700,000.00 made by
3          defendant to Charles Westlund and Silent Strippers
4          LLC, on or about June 10, 2008;
5     (O) Any and all interest of the defendant in Haute Tuna
6          LLC;
7     (P) Any and all interest of the defendant in Fantasy
8          Castle Club;
9     (Q) Any and all interest of the defendant in Go Green;
10    (R) Any and all interest of the defendant in Delfino
11         Studios, Hollywood; and
12    (S) Any and all interest of the defendant in Enviro Tech.

A Preliminary Order of Forfeiture was entered June 18, 2003 (Docket Number 284) forfeiting Defendant's interest in each of the assets listed above.

    The United States has filed an Application for Entry of a Money Judgment of Forfeiture against the defendant in the amount of $25 million, which sum shall include the property listed above, pursuant to Federal Rule of Criminal Procedure 32.2. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

    GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendant shall forfeit to the United States the sum of $25 million pursuant to Title 18, United States Code, § 981, and Title 28, United States Code, Section 2461(c). Defendant shall be liable for the entire amount of the judgment. However, Defendant shall receive a

3

1 credit against the money judgment in a sum equal to the amount
2 of proceeds realized by the government through the disposition
3 of the assets listed above.
4 //
5     IT IS FURTHER ORDERED that the United States District Court
6 shall retain jurisdiction in the case for the purpose of
7 enforcing this Order.
8     IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3),
9 this Order of Forfeiture shall become final as to defendant John
10 Melvin Walker at the time of sentencing, and shall be made part
11 of the sentence and included in the judgment.
12    IT IS FURTHER ORDERED that the United States may, at any
13 time, move pursuant to Rule 32.2(e) to amend this Order of
14 Forfeiture to substitute property having a value not to exceed
15 $25 million to satisfy the money judgment in whole or in part.

DATED: July 18, 2013

_____
THE HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Presented by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section


   /s/ Steven R. Welk
_____
STEVEN R. WELK
Assistant United States Attorney

4

Chief, Asset Forfeiture Section

Attorneys for Plaintiff
United States of America